**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Optowave Co., Ltd.,           ) | |
|                            ) | |
|      Plaintiff,          ) | |
|                            ) | Case No.: 6:05-CV-1083-Orl-22DAB |
| vs.                        ) | |
|                            ) | |
| Dmitri G. Nikitin, an individual,    ) | |
| d/b/a Precision Technology Group,   ) | |
|                            ) | |
|      Defendant.       ) | |
|                            ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Optowave Co. Ltd. ("Optowave"), Pursuant to Fed. R. Civ. P. 34, hereby requests that Defendant, Dmitri G. Nikitin d/b/a Precision Technology Group, produce for inspection and copying the following documents and things described, within thirty (30) days from service hereof.

## INSTRUCTIONS

1. <u>Care, Custody and Control</u>.  With respect to all documents requested, you must furnish all documents within your custody or control even if they are not in your direct possession.  In other words, if a third party has documents responsive to this request and you have the right to obtain copies of those documents from the third party, you must produce them in response to this request.  Such third parties may include your agents, doctors, hospitals, financial institutions, credit card companies, phone companies, employees, attorneys, accountants, representatives, investigators, consultants or any corporation, subsidiary, partnership, association or other entity which you have an ownership interest in, are employed by, or are affiliated with in any manner.

**Exhibit "A"**

2.    <u>Privileged or Proprietary Matter</u>.  If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

    A.    the reason for withholding the document;

    B.    a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

    C.    a brief description of the document including:

        (i)     the date of the document;
        (ii)    number of pages, attachments, and appendices;
        (iii)   the name of its author, authors or preparers and an identification by employment and title of each such person;
        (iv)    the name of each person who was sent, shown, or blind or carbon copied on the document, who sent the document, has had access to or custody of the document, together with an identification of each such person;
        (v)     the present custodian; and
        (vi)    the subject matter of the document, and in case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

3.    <u>Lost or Destroyed Documents</u>.  If any document requested herein is not in your possession, custody or control but is either known to exist, or has been lost or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

    A.    the type of document;

    B.    its date;

    C.    the date or approximate date it was lost, discarded or destroyed;

    D.    the circumstances and manner in which it was lost, discarded or destroyed;

    E.    the reason or reasons for disposing of the document;

    F.    the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

2

G.    the identity of the person(s) who lost, discarded or destroyed the document; and

H.    the identity of all persons having knowledge of the contents thereof.

4.    To the extent that you object to these requests or any part thereof, state your objection and provide those documents you are willing to provide without further court order.

5.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, expressly designate the request to which each document is responsive or produce the documents as they are kept in the usual course of business.

6.    As to all documents stored in electronic format, please provide diskettes, CD-ROM disks, or other portable storage medium containing such data.

7.    Unless otherwise specified herein, the relevant timeframe for these requests shall be from June 1, 2004 to the present.

8.    <u>Duty to Supplement</u>:  These requests are continuing in nature and to the extent that, at any time after the production called for by these requests is made, you obtain additional documents responsive to these requests, you shall promptly supplement production.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms, names, and instructions are used, the following definitions shall be applicable herein for the purposes of this discovery request only.

1.    The terms "and" and "or" are to be treated as synonymous and interchangeable as sometimes indicated by the use of the term "and/or."

2.    "Any" as used herein means "each and every" as well as "anyone."

3.    The terms "include(s)" and "including" mean "without limitation."

4.     The terms "communication" or "communications" mean any statement or utterance, whether written, oral, or in electronic format, made or sent by one person to another or in the presence of another, or any document delivered to or sent from one person to another, including but not limited to e-mails.

5.     The terms "document" and "documents" mean all documents and things within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, the original and any non-identical copy (whether different from the original because of the notes made on or attached to such copy or otherwise), including draft versions of the original, of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, memoranda, inter-office communications, studies, analyses, reports, results of investigations, contracts, agreements, work papers, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data (including, but not limited to, electronic mail), computer printouts, floppy disks, CD-ROM disks, back-up tapes, zip drives, hard drives, web page printouts, lists, telegrams, schedules, photographs, sound recordings, films, and/or any other document or writings of any kind whatsoever. Any information which is maintained on a computer, including all computer source code information, should be produced by running a hard copy of the document. If a hard copy cannot be generated then a diskette or other portable storage medium containing the data should be produced. If neither a hard copy can be generated nor a diskette containing the data produced a description of the information responsive to this request should be given. For any document related to the matters described herein which is not in your possession, but which you know to exist, you are requested to identify any such document and indicate to the best of your ability that document's present or last known location and custodian.

4

6.      "Person" includes any individual, official, corporation, partnership, firm, association, joint venture, business organization, entity, board, governmental entity, department, agency, company, corporation, political instrumentality, and/or other body.

7.      "Relate" or "relating to" means constituting, containing, embodying, commenting on, reflecting, analyzing, identifying, stating, referring to, concerning, dealing with, or in any way pertaining to.

8.      "Oral communication" refers to any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

9.      The terms "you" and "your," refers to Dmitri G. Nikitin d/b/a Precision Technology Group, and all others acting on your behalf as either employees, agents or other representative.

10.     The term "Optowave" shall mean Optowave Co., Ltd. and its officers, employees and agents.

11.     The term "This Action" shall mean the above styled cause.

12.     The term "Contract" shall mean and refer to contract attached to the Complaint filed in This Action.

13.     The term "System" shall mean and refer to the equipment supplied pursuant to the Contract.

## REQUESTS

1.      All documents relating to the Contract.

2.      All documents relating to your experience in designing equipment similar or related to the System you sold to Optowave.

3.    All sales literature and/or promotional materials related to the System sold by you to Optowave.

4.    All documents relating to the design of the Systems sold to Optowave, including but not limited to, all engineering drawings.

5.    All documents regarding your efforts to design the Systems to meet the requirements of the Contract.

6.    All documents relating to your contention that Optowave drafted the Contract.

7.    All sales and/or lease agreements between you and any third parties for your products between January 1, 2003 and December 31, 2004.

8.    All sales and/or lease agreements between any companies in which you have an ownership interest and any third parties for products between January 1, 2003 and December 31, 2004.

9.    All communications between you and your employees relating or referring to Optowave.

10.    All communications between you and your employees relating or referring to any Optowave employees.

11.    All communications between you and your employees relating or referring to the products and services sold to Optowave under the Contract.

12.    All communications between you and your employees relating or referring to the Contract.

13.    All communications between you and any third parties relating or referring to Optowave.

14.     All communications between you and any third parties relating or referring to Optowave employees.

15.     All communications between you and any third parties relating or referring to the products and services sold to Optowave under the Contract.

16.     All communications between you and any third party relating or referring to the Contract.

17.     All documents and communications relating to the prior ownership of any of the components of the System sold to Optowave under the Contract.

18.     All documents and communications relating to the assembly, manufacture, and production of the System sold to Optowave under the Contract.

19.     All documents and communications relating to the maintenance of the System sold to Optowave under the Contract.

20.     All documents and communications relating to the performance of the System sold to Optowave under the Contract.

21.     All documents and communications relating to the operation of the System sold to Optowave under the Contract.

22.     All documents and communications relating to the testing of the System sold to Optowave under the Contract.

23.     All documents and communications relating or referring to Optowave's requests to return the System or any component parts thereof to you for repair or replacement, including but not limited to Optowave's efforts to return the ABM 777 device to Defendant in Florida in February and March 2005.

24.   All documents and communications relating or referring to Optowave's submission of a claim to you in November 2004, pursuant to § 9.0 of the Contract.

25.   All documents and communications relating or referring to delays in procurement, assembly, production and/or manufacture of the System sold to Optowave under the Contract.

26.   All documents and communications relating or referring to delays in testing and/or delivery of the System sold to Optowave under the Contract.

27.   All documents and communications relating or referring to Optowave's visit to your facility in Lake Mary, Florida in October 2004.

28.   All communications between you and Eugen Kayzerman relating to the Systems sold to Optowave pursuant to the Contract.

29.   All communications between Eugen Kayzerman and other persons employed by you relating to the Systems sold to Optowave pursuant to the Contract.

30.   All communications between Eugen Kayzerman and any third parties relating to the Systems sold to Optowave pursuant to the Contract.

31.   Any documents or communications relating to Optowave between the dates of July 1, 2004 and June 30, 2005.

32.   Any documents or communications relating to the Systems sold to Optowave under the Contract, between the dates of July 1, 2004 and June 30, 2005.

33.   All documents referring or relating to civil litigation involving you or any entity in which you have or had an ownership interest, excluding any personal injury litigation.

34.   All documents relating to any demand letters that you received prior to any lawsuit being filed or a complaint being served against you.

35.   All design documents regarding or referring to the Systems sold to Optowave.

36.     All documents referring, regarding or relating to your efforts to repair or redesign the System after it was delivered to Optowave in Korea.

37.     All reports or e-mails regarding your efforts to repair or redesign the System after it was delivered to Optowave in Korea.

38.     All documents referring, regarding or relating to your decision to reject shipment of the System or any component parts thereof shipped by Optowave from Korea to Lake Mary, Florida.

Dated this 25th day of October 2005.


Respectfully submitted,

James E. Foster, Esq.
Florida Bar No.: 142015
Carolyn M. Salzmann, Esq.
Florida Bar No.: 0497118
**AKERMAN SENTERFITT**
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 843-7860
Fax: (407) 843-6610
Email: james.foster@akerman.com
Email: carolyn.salzmann@akerman.com

**From:** Dmitri Nikitin [ndg@ptgindustries.com]
**Sent:** Thursday, November 18, 2004 1:34 PM
**To:** smt@ptgindustries.com
**Subject:** Optowave: Letter of introduction/Pending claim
**Attachments:** OptoWave-111604.doc

-----Original Message-----
From: robert choo [mailto:robertchoo@yahoo.com]

Sent: Wednesday, November 17, 2004 2:25 PM

To: rwhitenack@ptgindustries.com; smt@ptgindustries.com;

ndg@ptgindustries.com

Cc: kbchoi10@empal.com

Subject: Letter of introduction/Pending claim

As a courtesy, please see the attached letter from

Optowave legal counsel.

---

**Do you Yahoo!?**
Meet the all-new My Yahoo! - Try it today!
http://my.yahoo.com

**Exhibit "B"**

November 17, 2004

Dmitri Nikitin
President & CEO
Precision Technology Group
41 Skyline Drive, Suite 1001
Lake Mary, FL  32746

Dear Mr. Nikitin,

I serve as legal counsel for Optowave Co., Ltd., and I have been informed by my client of the ongoing problems you are experiencing with the scribing and breaking system that was delivered to Optowave on October 24, 2004.  As you are aware, from the beginning the system has performed – and continues to perform – in an unsatisfactory and substandard manner.  As a courtesy, I am writing to inform you that I have advised my client to file claims pursuant to ¶ 9.0 of the Contract No. 101072204P between Optowave and PTG, on the grounds that the delivery of the system was unreasonably delayed, and that the performance of the system does not conform to the quality specifications in the contract.  I have also advised Optowave to withhold payment of the remaining $25,000 on the original $250,000 letter of credit, representing the final 10% of the agreed amount of the contract, until the system passes the Final Acceptance Test (FAT), as per the terms of the agreement.

Although it is not my client's wish to appear confrontational, in light of the recent poor communications between Optowave and PTG, I have advised my client to file such claims in order to preserve their legal rights under the contract.  You can expect the claims delivered along with supporting documentation to your offices within the next five business days.

My client has been extremely patient, and we wish to emphasize that Optowave continues to seek an amicable and mutually satisfactory resolution of the current impasse, so that PTG may receive its final payment and Optowave may resume its high-quality production process.  Optowave may even be amenable to a slight relaxation of the five micron specification previously agreed to by both parties, as long as performance can be significantly improved to a quality level that satisfies Optowave's extremely demanding customers.  However, it is essential that Optowave receive a tangible commitment that PTG is both capable and willing to repair and/or adjust the system to such a level *as soon as possible*.  As it is, given the extremely tight tolerances required for Optowave's production processes, the current performance of the machines renders the entire system useless to Optowave, which has prompted this decision to preserve our legal rights under the Claims and Warranty provisions of the contract.

Please feel free to contact me if you wish to pursue an amicable and expeditious resolution of this matter.

Sincerely yours,


Robert Choo, Esq.

44 Blakeslee St.
Cambridge, MA 02138
(202) 489-9523

| | |
|---|---|
| **Sent:** | Friday, October 08, 2004 11:18 AM |
| **To:** | heymond@naver.com |
| **Subject:** | FW: Pictures of Optowave |
| **Attachments:** | Optowave Systems.zip |

Dear Mr. Kim,
Here are some pictures with your laser scriber and automatic breaker.
One of our assembly people is working on the breaker, preparing it for the installation of new Breaker Bar Assembly.

I will have a hard copy of the manual printed for you and drop it off tonight at your hotel.

Best regards,
Stefan

Executive Vice President
Precision Technology Group – PTG
41 Skyline Drive, Suite 1001
Lake Mary, FL - 32746
Tel:   +(407) 804-1000  Ext.228
Fax:  +(407) 804-1002
smt@ptgindustries.com
www.ptgindustries.com

**From:** Monica Correal [mailto:monicaC@ptgindustries.com]
**Sent:** Friday, October 08, 2004 11:10 AM
**To:** 'Stefan Tudor'
**Subject:** Pictures of Optowave

USA
PTG Industries, LLC

41 Skyline Drive, Ste.
1001Lake Mary, FL 32746
Phone +1.407.804.1000
Fax   +1.407.804.1002
Site:  www.ptgindustries.com
Email:monicac@ptgindustries.com

Stefan,

Attached are the pictures you requested.
Regards,

Monica

**Dmitri Nikitin**

| | |
|---|---|
| **From:** | wildpig [hsquare83@hanmail.net] |
| **Sent:** | Thursday, August 05, 2004 9:10 AM |
| **To:** | Mr. Stefan Tudor |
| **Cc:** | ?? |
| **Subject:** | Korea: Optowave / Contract |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |
| **Attachments:** | Contract 040805.pdf |

Dear Stefan

Finally, we reached the end point of contract!!!


1. Counter sign
- Please sign each page.


2. Returning
- After counter signing, please return via both e-amil and fax to Optowave.
* Mr. Kim will go to the bank early in the morning tomorrow for L/C processing.
Before his leaving to bank, he needs the contract that has your counter signing in order to
internal confirmation in Optowave.
- Please return it a.s.a.p.
* Due to so special character(?), Mr. Kim will not get sleep before getting e-mail of your
returning.
Please help us to sleep earlier.


Thanks.


Your sincerely.


Moo-hwan Kim


"우리 인터넷, Daum" http://www.daum.net 『평생쓰는 무료 한메일넷』



| | |
|---|---|
| **From:** | Korea (hossain@optowave.co.kr] |
| **Sent:** | Tuesday, August 10, 2004 6:00 AM |
| **To:** | smt@ptgindustries.com; sales@ptgindustries.com |
| **Cc:** | mhkim@mediopia.co.kr; ??? |
| **Subject:** | Korea: Optowave [Young H. Eom] Sending the full cable of LOC... |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| **Attachments:** | LOC full cable.pdf |

Hi, Stefan.

How are you?

Please review this attached file, the full cable of LOC.
There was slight delay on opening the LOC.

Anyway, how is the frame design?
Is it possible to have the drawing of the frame design until end of this week?
Please inform me of the schedule for frame design...

Thanks.


Young H. Eom

---

Team Manager/
R&D Center of Optowave Co., Ltd.
Tel) +82-31-278-9642  Fax) +82-31-278-9650
Mobile) +82-18-396-0369

**Sent:** Monday, October 04, 2004 4:06 AM

**To:** 'Stefan Tudor'

**Subject:** Korea: Optowave - [Young H. Eom]About cancellation of previous LOC.

Hi Stefan,

This is Young.

As you know, we've open the new LOC via Korean Development Bank.

And we should cancel the previous LOC via ChoHung Bank.

So please request SunTrust Bank to cancel the previous LOC today and send us a copy of cancellation cable from SunTrust bank as soon as possible.

And I didn't receive the Tracking number of the packing for our sample.

Why didn't you send the tracking number?

That is very very importance task for us.

And we are under very emergent situation.

Please understand our situation and cooperate with us.

Thanks.

Best Regards.

Young H. Eom

Team Manager/

R&D Center of Optowave Co., Ltd.

Tel) + 82-31-278-9642  Fax) + 82-31-278-9650

Mobile) + 82-18-396-0369

**Sent:** Friday, October 08, 2004 11:18 AM

**To:** heymond@naver.com

**Subject:** FW: Pictures of Optowave

**Attachments:** Optowave Systems.zip

Dear Mr. Kim,
Here are some pictures with your laser scriber and automatic breaker.
One of our assembly people is working on the breaker, preparing it for the installation of new Breaker Bar Assembly.

I will have a hard copy of the manual printed for you and drop it off tonight at your hotel.

Best regards,
Stefan

Executive Vice President
Precision Technology Group – PTG
41 Skyline Drive, Suite 1001
Lake Mary, FL - 32746
Tel:  +(407) 804-1000  Ext.228
Fax:  +(407) 804-1002
smt@ptgindustries.com
www.ptgindustries.com

**From:** Monica Correal [mailto:monicaC@ptgindustries.com]
**Sent:** Friday, October 08, 2004 11:10 AM
**To:** 'Stefan Tudor'
**Subject:** Pictures of Optowave

USA
PTG Industries, LLC

41 Skyline Drive, Ste.
1001Lake Mary, FL 32746
Phone +1.407.804.1000
Fax   +1.407.804.1002
Site:  www.ptgindustries.com
Email:monicac@ptgindustries.com

Stefan,

Attached are the pictures you requested.
Regards,

Monica

**From:** Kim Jinyoung (Heymond@optowave.co.kr)
**Sent:** Monday, November 15, 2004 8:01 AM
**To:** smt@ptgindustries.com
**Subject:** Optowave: about recorrection of contract
**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Dear Mr. Stefan,

How are you?
Did Mr.Eugene arrive well?

We had spent so much time to acquire the best condition for scribing machine and breaking machine.
But we could not meet the specifications noted in FAT.
We believe PTG will support us with your best and we, both, have to solve the rest of problem.

Anyway, we did not finish FAT according to the contract.
As you know, the letter of credit will be expired on the end of November.
We would like to sign the FAT, but we worry about the claim duration.
So we would like to extend the duration of claim.

Please give us your opinion.

Thank you.

With best regards,

Kim Jinyoung
Optowave Co., Ltd.

November 17, 2004


Dmitri Nikitin
President & CEO
Precision Technology Group
41 Skyline Drive, Suite 1001
Lake Mary, FL  32746


Dear Mr. Nikitin,

I serve as legal counsel for Optowave Co., Ltd., and I have been informed by my client of the ongoing problems you are experiencing with the scribing and breaking system that was delivered to Optowave on October 24, 2004.  As you are aware, from the beginning the system has performed – and continues to perform – in an unsatisfactory and substandard manner.  As a courtesy, I am writing to inform you that I have advised my client to file claims pursuant to ¶ 9.0 of the Contract No. 101072204P between Optowave and PTG, on the grounds that the delivery of the system was unreasonably delayed, and that the performance of the system does not conform to the quality specifications in the contract.  I have also advised Optowave to withhold payment of the remaining $25,000 on the original $250,000 letter of credit, representing the final 10% of the agreed amount of the contract, until the system passes the Final Acceptance Test (FAT), as per the terms of the agreement.

Although it is not my client's wish to appear confrontational, in light of the recent poor communications between Optowave and PTG, I have advised my client to file such claims in order to preserve their legal rights under the contract.  You can expect the claims delivered along with supporting documentation to your offices within the next five business days.

My client has been extremely patient, and we wish to emphasize that Optowave continues to seek an amicable and mutually satisfactory resolution of the current impasse, so that PTG may receive its final payment and Optowave may resume its high-quality production process.  Optowave may even be amenable to a slight relaxation of the five micron specification previously agreed to by both parties, as long as performance can be significantly improved to a quality level that satisfies Optowave's extremely demanding customers.  However, it is essential that Optowave receive a tangible commitment that PTG is both capable and willing to repair and/or adjust the system to such a level *as soon as possible*.  As it is, given the extremely tight tolerances required for Optowave's production processes, the current performance of the machines renders the entire system useless to Optowave, which has prompted this decision to preserve our legal rights under the Claims and Warranty provisions of the contract.


**Exhibit "C"**

Please feel free to contact me if you wish to pursue an amicable and expeditious resolution of this matter.

Sincerely yours,

Robert Choo, Esq.

44 Blakeslee St.
Cambridge, MA 02138
(202) 489-9523

Optowave 00018

## <u>NOTICE REGARDING NON-DESTRUCTION OF COMPUTER FILES</u>

As of April 28, 2005, **Optowave Co., Ltd.** hereby puts **Precision Technology Group** ("PTG") on notice regarding the use of its networked computers, including any shared computers or servers, personal computer(s), laptop/notebook computer(s), personal digital assistants and/or palm pilots or other similar hand held devices. If any of the aforementioned computers and/or electronic devices are used in a manner which alters or destroys any or all information of any type you may be liable for spoliation of evidence and subject to sanctions. Accordingly, you are hereby on notice to preserve the evidence on any and all of these computers and/or electronic devices, including the following:

  (a)   PTG should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to, storing (saving) newly created files to existing drives and diskettes, loading new software such as application programs, running data compression and disk de-fragmentation (optimization) routines, or the use of utility programs to permanently wipe files, disks or drives.

  (b)   PTG should stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data.

  (c)   PTG should not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter.

  (d)   PTG should not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

PTG may comply with this Notice Regarding Non-Destruction of Computer Files by immediately making a copy of the hard drive(s) on all network servers, computers, and/or laptop computers. Any and all copies made must include deleted files resident on the hard drive(s). Copies of hard drive(s) may be made by transferring all information onto an empty, clean hard drive.

Additionally, you may comply with the Notice Regarding Non-Destruction as it relates to personal digital assistants and/or palm pilots or other similar hand held electronic devices by downloading all information contained therein onto a floppy disk or CD-ROM disk.

All information preserved in this manner shall remain in the possession of PTG in a secure location so as to avoid tampering with evidence. PTG will not be under an obligation to produce such information until served with a formal request from Optowave.

**Exhibit "D"**



7171 6103 9642 1990 7160

**US Postal Service**
## Certified Mail Receipt

*Domestic Mail Only*
*No Insurance*
*Coverage Provided*

| | |
|---|---|
| Postage | $ 60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| **Total Postage & Fees** | $ 6.65 |

Postmark
DOWNTOWN STA ORLANDO FL 32802
MAY - 9 2005
USPS

Sent To:

Dmitri Nikitin

President & CEO

Precision Technology Group
41 Skyline Drive, Ste. 1001
Lake Mary, FL  32746

PS Form 3800, January 2003        US Postal Service        **Certified Mail Receipt**

*Ozemann*

2