# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OPTOWAVE CO., LTD,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1083-Orl-22KRS**

**DMITRI G. NIKITIN, an individual, d/b/a**
**PRECISION TECHNOLOGY GROUP,**

       **Defendant.**

_____

## ORDER AND NOTICE OF HEARING

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 36)** |
| **FILED:** | **June 20, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot** given the relief sought in Doc. No. 42.

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO EXTEND DISCOVERY FOR LIMITED PURPOSE OF OPTOWAVE'S CORPORATE REPRESENTATIVE'S DEPOSITION (Doc. No. 38)** |
| **FILED:** | **June 30, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**, given the parties' stipulation rescheduling the deposition. The parties will have until August 4, 2006 to conduct the deposition of Optowave's corporate representative.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S AMENDED [sic] MOTION TO COMPEL DISCOVERY (Doc. No. 40)** |
| **FILED:** | **June 30, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as untimely. The Case Management and Scheduling Order requires that discovery be served in sufficient time for a response prior to the discovery deadline. However, Plaintiff is **ORDERED** to produce any documents it plans to use as an exhibit at trial.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. No. 41)** |
| **FILED:** | **June 30, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DISCOVERY[1] (Doc. No. 42-1)** |
| **FILED:** | **July 2, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** as to the discovery issues to which the parties stipulated on the record at the hearing on July 20, 2006. The issues of sanctions and spoliation are reserved until after the August 1, 2006 hearing.

Plaintiff Optowave sued Defendant Dmitri Nikitin d/b/a Precision Technology Group over breach of an agreement to sell equipment with certain specifications to Optowave. Plaintiff sought to compel written discovery, particularly emails, in addition to other discovery, from Defendant Nikitin. After oral argument at the hearing on July 20, 2006, the Court granted a recess and the parties were able to stipulate on the record for Nikitin to produce most of the documents sought by

---

[1] Optowave filed deposition annotations in support of its Supplemental Motion to Compel Discovery (Doc. No. 47) on July 19, 2006.

Plaintiff, with the exception of certain internal emails between Nikitin and employees. Plaintiff contends that Nikitin was contacted in November 2004 and by current counsel in May 2005 with a warning not to destroy any evidence. Nikitin's employee testified at his deposition that emails regarding specifications were exchanged with Nikitin, yet (according to Plaintiff) none have been produced. The Court will take up the issue of spoliation of evidence, and any potential sanctions, at an evidentiary hearing on August 1, 2006 at 10:00 a.m.

## NOTICE OF EVIDENTIARY HEARING

**TAKE NOTICE** that an Evidentiary Hearing of the issue of the spoliation of evidence will be held before the undersigned on **TUESDAY**, **AUGUST 1, 2006** at **10:00 A.M.** in Courtroom #6, George C. Young U.S. Courthouse and Federal Building, 80 North Hughey Avenue, Orlando, Florida.

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

**PLEASE NOTE**: **Photo identification** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.