**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OPTOWAVE CO., LTD,**

                **Plaintiff,**

-vs-                                          **Case No. 6:05-cv-1083-Orl-22DAB**

**DMITRI G. NIKITIN, an individual, d/b/a**
**PRECISION TECHNOLOGY GROUP,**

                **Defendant.**
_____

**ORDER**

This cause comes before the Court for consideration of Magistrate Judge David A. Baker's November 21, 2008 Report and Recommendation ("R&R") (Doc. No. 213), the Objections thereto filed by Plaintiff Optowave Co., Inc. ("Optowave") on December 4, 2008 (Doc. No. 214) and Defendant Dmitri G. Nikitin on December 5, 2008 (Doc. No 215), and Nikitin's Response to Optowave's Objections (Doc. No. 216) filed on December 11, 2008.

The original dispute between the parties involved a breach of contract issue related to the sale of equipment used to manufacture infrared glass filters. After that issue went to trial, the Court entered an amended judgment (the "Amended Judgment") awarding Optowave $441,414.65 (with interest), pre-judgment interest of $87,474.98, and costs.[1] (Doc. No. 155.) Nikitin was granted sixty days to take possession of two pieces of equipment.[2] (Doc. No. 154.) The parties appealed the Court's decision, but executed a

---

[1] The Bill of Costs taxed against Nikitin was for $28,020.91. (Doc. No. 150.)

[2] The pieces of equipment were a scribing a machine and a breaking machine.

settlement agreement (the "Agreement") before the Eleventh Circuit ruled on their appeals. The terms of the Agreement required Nikitin to pay a total of $505,000 to Optowave and permitted Nikitin to take custody of four pieces of equipment.[3] The Agreement also mooted an issue related to sanctions against Nikitin for spoliation. The parties' present dispute arises from a breakdown in the execution of the Agreement.[4]

In the R&R, Judge Baker found "a substantial breakdown as to security for the payment terms and return of the equipment as agreed" in the Agreement. (Doc. No. 213 p. 3.) Judge Baker determined that Nikitin has paid or posted $261,875 toward the $505,000 total owed under the Agreement, but that Nikitin has not received any of the pieces of equipment for various reasons. (*Id.*) Judge Baker attributed the breakdown in the execution of the Agreement to both parties, citing the "extraordinary level of mistrust between the parties." (*Id.* at 4.)

To effectuate the Agreement, Judge Baker recommended that the Court order (1) Nikitin to deposit $243,125 (the remaining balance owed under the Agreement) in the trust account of Ernest Myers, Esq. within ten days of the Court's Order, (2) Optowave to make the equipment available to Nikitin for packing and shipping within five days from notice

---

[3] The four pieces of equipment are a scribing machine, a breaking machine, an expander, and a laminator. (Doc. No. 213 p. 3.)

[4] The breakdown in the execution of the Agreement is evidenced by the motley motions before Judge Baker. These motions include Plaintiff's Renewed and Refiled Motion for Attorney Fees and Costs on Spoliation Issue (Doc. No. 187), filed on June 23, 2008, Plaintiff's Motion for Writ of Garnishment (After Judgment) (Doc. No. 195), filed on September 3, 2008, Plaintiff's Motion to Amend/Correct Judgment to Allow Disposition of Equipment (Doc. No. 201), filed on October 15, 2008, and Defendant's Motion to Enforce Settlement Agreement (Doc. No. 202), filed on October 15, 2008.

that the funds are in trust, and (3) Mr. Myers to pay thereafter the balance of the $505,000 from his trust account. (*Id.* at 4-5.) Judge Baker also recommended contingent remedies that would apply if either party failed to comply with the Court's Order. (*Id.* at 5.) Specifically, if Nikitin fails to timely deposit $243,125 into Mr. Myers' trust account, then Nikitin will be deemed to have breached the Agreement and will be liable for the full amount of the Amended Judgment, plus attorneys' fees and costs for spoliation of $64,465, offset by a credit against the judgment of $200,000. (*Id.*) If Optowave fails to make the equipment available to Nikitin within five days from notice that the funds are in trust, then Optowave will be deemed to have breached the Agreement and "Nikitin will be entitled to a credit of $325,000 against the Amended Judgment." (*Id.*)

Both parties objected to the R&R. Optowave's initial objection to the R&R is essentially a request to clarify the contingent remedy available to Optowave if Nikitin does not comply with the recommended order. Optowave is correct in relying on Judge Baker's formulation of the contingent remedy found on page 5, paragraph 3, which makes Nikitin liable for the full amount of the Amended Judgment and the sanction for spoliation, with a credit of $200,000, if Nikitin does not comply with an order adopting the R&R.[5] To the

---

[5] Nikitin's Response to Optowave's Objection asserts that the formulation of the contingent remedy on which Optowave relies does not give effect to the parties' compromises as set forth in the Agreement and negates Judge Baker's finding that both Optowave and Nikitin are responsible for the breakdown in the execution of the Agreement. (Doc. No. 216 p. 3.) This argument is without merit. The contingent remedy only applies if Nikitin breaches the Agreement by not complying with an order adopting the R&R. Once Nikitin breaches the Agreement, it cannot then hope to benefit from compromises set forth in the Agreement. In addition, although Judge Baker found that both parties are responsible for the breakdown in the execution of the Agreement, under the R&R only one party can be responsible for its breach: Nikitin if it does not timely deposit the balance of the Agreement into Mr. Myers' trust account; or Optowave if it does not timely tender the equipment within five days

extent Optowave's objection seeks to modify the R&R to include a recitation of the terms of the Amended Judgment, the Court rejects such a modification as unnecessary. Judge Baker's reference to the Amended Judgment incorporates the terms of that judgment, which state that Optowave is entitled to the judgment amount of $441,414.64, pre-judgment interest of $87,474.98, post-judgment interest (at the rate set in the Amended Judgment), and costs (as assessed in the Bill of Costs).

Nikitin's objection to the R&R seeks a modification of two dollar amounts listed on page 3 of the R&R, which summarize the amounts Nikitin has paid to Optowave or deposited in Mr. Myers' trust account to date. Nikitin asserts that he has paid $65,625 to Optowave, not $65,000 as stated in the R&R. In addition, Nikitin seeks to specify that he has deposited $196,250 in Mr. Myers' trust account, while the R&R states that he has paid "appoximately $196,000." Although Nikitin is technically correct regarding these figures, a modification to the R&R is unnecessary as Judge Baker correctly states that the sum of these payments and deposits is $261,875, and his remaining calculations reflect correct amounts.

In addition, Nikitin requests that the Court grant him twenty days from the date of the order adopting the R&R to deposit the remaining balance of $243,125 into Mr. Myers' trust account, rather than the ten days set forth in the R&R. Nikitin asserts that the enlargement of time will better enable him to obtain the financing necessary to comply with

---

from notice that the funds are in trust. Thus, Judge Baker's assignment of dual responsibility for the past breakdowns in the execution of the Agreement is not relevant to the contingent remedies provided if either party breaches the Agreement going forward.

an order adopting the R&R and "will not unnecessarily delay the process."[6] (Doc. No. 215 ¶ 7.) Although Judge Baker did not err when he allotted Nikitin ten days to deposit the funds, the Court on de novo review will grant Nikitin's request and allow twenty days to deposit the funds into Mr. Myers' account.

Based on the foregoing, it is ORDERED as follows:

1. The November 21, 2008 Report and Recommendation (Doc. No. 213) is APPROVED IN PART and MODIFIED IN PART. The Report and Recommendation is APPROVED and ADOPTED in all respects, except that it is MODIFIED to allow Defendant Nikitin **twenty days** to deposit **$243,125** into the trust account of Ernest Myers, Esq.

2. Plaintiff Optowave's Objections to Report and Recommendation (Doc. No. 214), filed on December 4, 2008, are OVERRULED.

3. Defendant Nikitin's Objections to Report and Recommendation (Doc. No. 215), filed on December 5, 2008, are OVERRULED. However, Defendant Nikitin's request for an enlargement of time from ten days to twenty days to deposit **$243,125** into Mr. Myers' trust account is GRANTED.

4. Plaintiff Optowave's Renewed and Refiled Motion for Attorney Fees and Costs on Spoliation Issue (Doc. No. 187), filed on June 23, 2008, is STAYED through **February 2, 2009**. After February 2, 2009, the Motion will be DENIED if Defendant Nikitin timely deposits the remaining balance of the settlement agreement (**$243,125**) into Mr. Myers' trust

---

[6] Optowave did not object to Nikitin's request.

account. The Motion will be GRANTED IN PART and DENIED IN PART if Defendant Nikitin does not timely deposit the remaining balance of the settlement agreement into Mr. Myers' trust account. In that case, the motion will be GRANTED insofar as it seeks an award of attorneys' fees and costs, and DENIED as to the amount of fees and costs requested. Optowave will be awarded **$63,632** for attorneys' fees and **$833** for costs.

5. Plaintiff Optowave's Motion for Writ of Garnishment (After Judgment) (Doc. No. 195), filed on September 3, 2008, is DENIED without prejudice subject to reassertion within ten days of the conclusion of the procedures set forth in paragraph 8(A) of this Order.

6. Plaintiff Optowave's Motion to Amend/Correct Judgment to Allow Disposition of Equipment (Doc. No. 201), filed on October 15, 2008, is GRANTED IN PART and DENIED IN PART, as more specifically stated herein.

7. Defendant Nikitin's Motion to Enforce Settlement Agreement (Doc. No. 202), filed on October 15, 2008, is GRANTED IN PART and DENIED IN PART, as more specifically stated herein.

8. The parties are hereby ORDERED to do the following:

A. (1) Defendant Nikitin must deposit **$243,125** into the trust account of Mr. Ernest Myers, Esq. on or before **February 2, 2009**; (2) Plaintiff Optowave must then tender the four pieces of equipment to Nikitin in suitable condition for packing and shipping **within five days** from notice that the balance of funds is available in trust; and (3) thereafter Mr. Myers must pay Optowave the balance of the $505,000 from his trust account.

B. If, after Nikitin has timely deposited **$243,125** in the trust account of Mr. Myers, Optowave fails to make the equipment available to Nikitin within five days from notice that the balance is available in trust, then Optowave will be deemed to have breached the settlement agreement and Nikitin will be entitled to a credit of **$325,000** against the Amended Judgment.

C. If Nikitin fails to deposit **$243,125** in the trust account of Mr. Myers on or before **February 2, 2009**, then Nikitin will be deemed to have breached the settlement agreement and will be liable for the Amended Judgment and attorneys' fees and costs for spoliation of **$64,465**, offset by a credit against the Amended Judgment of **$200,000**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 11, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge